IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| WILLIAM T. HACKLEY,<br>　　*Plaintiff*, | §<br>§<br>§ | |
| V. | § | CIVIL NO. 4:23-CV-1163-P |
| | § | |
| CITY OF FORT WORTH,<br>　　*Defendant*. | §<br>§<br>§ | |

## FINDING, CONCLUSION, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The above-styled and numbered action, which was filed by *pro se* Plaintiff William T. Hackley ("Hackley") on November 16, 2023, was referred to the undersigned pursuant to a standing order of this Court. On February 14, 2024, the Court entered an Order Regarding Failure to File Proof of Service in which it gave Plaintiff until February 27, 2024 to file "either proof of proper service as required by Rule 4.1 of the Local Civil Rules of the Northern District of Texas or an instrument in affidavit form establishing good cause why such proof cannot be filed." On February 19, 2024, Hackley filed both a certificate of service [doc. 6] and a motion for default judgment [doc. 7]. On February 20, 2024, the Court denied the motion for default as Hackley failed to properly effectuate service under the rules. (ECF 8). In the Order denying the motion for default, the Court gave Hackley an additional fourteen-days, until March 5, 2024, to effectuate service. (*Id.*) The Order, referencing Federal Rule of Civil Procedure 4(m), further stated that Plaintiff's failure to comply would result in the Court recommending dismissal of this action without further notice.

As of the date of this order, Plaintiff has failed to comply with the Court's February 20, 2024 Order. Consequently, the Court **RECOMMENDS** that the above-styled and numbered

1

cause be **DISMISSED** for failing to comply with the Court's order and for failure to effectuate proper service.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

### ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted **until March 21, 2024** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March 7, 2024.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE